IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TESLA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 2:23-cv-00334 |
| | ) | |
| CAP-XX, LTD., | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| Defendant. | ) | |

# CAP-XX, LTD.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLIAMS

CAP-XX, Ltd. ("CAP-XX"), by counsel, for its Answer, Affirmative Defenses, and Counterclaims against Tesla, Inc. ("Tesla") states:

## ANSWER

### NATURE OF ACTION

1. This is an action for infringement of United States Patent Nos. 8,279,580 (the "'580 patent") and 8,591,601 (the "'601 patent") (collectively, the "Asserted Patents") under the Patent Laws of the United States, 35 U.S.C. § 271, et seq. A true and accurate copy of the '580 patent is attached as **Exhibit A** and a true and accurate copy of the '601 patent is attached as **Exhibit B**.

**RESPONSE:** CAP-XX admits the Complaint purports to allege infringement of the '580 patent and '601 patent and that copies of the same are attached as Exhibits A and B. CAP-XX denies it infringes either patent.

2. CAP-XX previously filed suit against Maxwell Technologies, Inc. ("Maxwell"), which is a subsidiary of Tesla, alleging that Maxwell infringed U.S. Pat. Nos. 6,920,580 and 7,382,600. Maxwell has a history of innovation that has resulted in its own patents, now assigned to Tesla,

1

and thus Tesla brings this suit against CAP-XX to protect its intellectual property rights.

**RESPONSE:** CAP-XX admits it filed suit against Maxwell Technologies, Inc., a subsidiary of Tesla, alleging Maxwell infringes U.S. Pat. Nos. 6,920,580 and 7,382,600. CAP-XX lacks sufficient information with which to admit or deny the remaining allegations of paragraph 2; therefore, it denies them.

## PARTIES

3. Plaintiff Tesla is a multinational automotive and clean energy company, having a principal address at 13101 Tesla Road, Austin, Texas 78725.

**RESPONSE:** CAP-XX lacks sufficient information with which to admit or deny the allegations of paragraph 3; therefore, it denies them.

4. Defendant CAP-XX is an Australian company with a principal place of business at Unit 9, 12 Mars Road, Lane Cove, NSW, 2066, Australia.

**RESPONSE:** CAP-XX admits it is an Australian company but denies the remaining allegations of paragraph 4.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271, *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

**RESPONSE:** CAP-XX admits the allegations of paragraph 5.

6. This Court has personal jurisdiction over CAP-XX pursuant to the laws of the State of Texas, including Texas Civil Practice and Remedies Code § 17.042.10, because CAP-XX is engaged in substantial and not isolated activity within the State of Texas. This Court has specific jurisdiction over CAP-XX because CAP-XX (a) has committed acts of infringement in the State of Texas giving rise to this action; and (b) has established more than minimum contacts within the State of Texas,

such that exercise of jurisdiction over CAP-XX in this Court would not offend traditional notions of fair play and substantial justice.

**RESPONSE:**     CAP-XX denies the allegations of paragraph 6.

7.     CAP-XX markets and distributes its infringing supercapacitor products throughout the world, including all fifty states of the United States, and throughout Texas, and has established distribution channels for its supercapacitor products in Texas.

**RESPONSE:**     CAP-XX denies the allegations of paragraph 7.

8.     For example, CAP-XX's website describes that its distributors are in the United States, including in Texas:

**RESPONSE:**     CAP-XX admits it has unaffiliated distributors located in Dallas, Texas and San Diego, California. CAP-XX denies the remaining allegations of paragraph 8.

9.     Venue is proper in this judicial district pursuant to pursuant to 28 U.S.C. § 1391(c)(3) because CAP-XX is a foreign corporation and may be sued in any judicial district.

**RESPONSE:**     CAP-XX states the allegations of paragraph 9 are legal and do not require a response. To the extent they are factual, CAP-XX denies them.

## THE ASSERTED PATENTS

10.     On October 2, 2012, the '580 patent, entitled "Electrode for Energy Storage Device with Microporous and Mesoporous Activated Carbon Particles," was duly and legally issued by the United States Patent and Trademark Office. The '580 patent names Linda Zhong and Xiaomei Xi as inventors.

**RESPONSE:**     CAP-XX admits the '580 patent names Zhong and Xi as inventors. CAP-XX lacks sufficient information to admit or deny the remaining allegations of paragraph 10; therefore, it denies them.

11. On November 26, 2013, the '601 patent, entitled "Electrode for Energy Storage Device with Microporous and Mesoporous Activated Carbon Particles," was duly and legally issued by the United States Patent and Trademark Office. The '601 patent names Linda Zhong and Xiaomei Xi as inventors.

**RESPONSE:** CAP-XX admits the '601 patent names Zhong and Xi as inventors. CAP-XX lacks sufficient information to admit or deny the remaining allegations of paragraph 11; therefore, it denies them.

12. Drs. Zhong and Xi assigned their rights as inventors to the Asserted Patents to Maxwell Technologies, Inc. Maxwell Technologies Inc. later assigned its rights to the Asserted Patents to Tesla, Inc. Plaintiff is currently the owner of the entire right, title, and interest of the Asserted Patents.

**RESPONSE:** CAP-XX lacks sufficient information to admit or deny the allegations of paragraph 12; therefore, it denies them.

13. The Asserted Patents are generally directed to an electrode for use in electrochemical double layer capacitors (EDLCs) (commonly known as "supercapacitors"), hybrid capacitors, and battery devices. A supercapacitor's electrodes are the primary source of the device's power capabilities – double layers of charges are formed at the interface between the electrodes and the electrolyte in which they are immersed.

**RESPONSE:** CAP-XX lacks sufficient information to admit or deny the allegations of paragraph 13; therefore, it denies them.

14. Electrodes are often made from porous carbon materials whereby the pores help provide large effective surface areas for interaction with the electrolyte. The size of the pores impacts the overall effective surface area of the electrode. The electrodes according to the invention of the Asserted Patents use a combination of micropores and mesopores.

**RESPONSE:** CAP-XX lacks sufficient information to admit or deny the allegations of paragraph 14; therefore, it denies them.

15.     Claim 1 of the '580 patent is exemplary and recites: 1. An electrode for an energy storage device comprising: a current collector; and a film of active electrode material attached to the current collector, wherein the total amount of activated carbon having between about 70 and 98 percent microporous activated carbon particles of the total amount of activated carbon by weight and between about 2 and 30 percent mesoporous activated carbon parties (*sic*) of the total amount of activated carbon by weight. (Ex. A ('580 patent), cl. 1.)

**RESPONSE:**     CAP-XX admits the '580 patent claims state what they state. CAP-XX denies all remaining allegations of paragraph 15.

16.     Claim 1 of the '601 patent is also exemplary and recites: 1. A method of making an active electrode material, the method comprising: providing activated carbon having between about 70 and 98 percent microporous activated carbon particles of a total amount of activated carbon by weight and between about 2 and 30 percent mesoporous activated carbon particles of the total amount of activated carbon by weight; providing binder; and mixing the activated carbon and the binder to form an active electrode material mixture. (Ex. B ('601 patent), cl. 1.)

**RESPONSE:**     CAP-XX admits the '601 patent claims state what they state. CAP-XX denies all remaining allegations of paragraph 16.

17.     CAP-XX is a manufacturer and distributor of supercapacitor products.

**RESPONSE:**     CAP-XX admits the allegations of paragraph 17.

18.     CAP-XX's supercapacitor products use electrodes. For example, patents assigned to CAP-XX show that CAP-XX's products are "charge storage device[s]" that include electrodes. (*See, e.g.*, Ex. C (U.S. Patent No. 7,382,600), cl. 1 (describing a "charge storage device comprising: a first electrode; [and] a second electrode being spaced apart from the first electrode").)

**RESPONSE:**     CAP-XX denies that its supercapacitor products use electrodes that infringe any claims in the Asserted Patents, denies that it uses a

method of making an active electrode material that infringes any claims of the

Asserted Patents, and admits the remaining allegations of paragraph 18.

>    19.   Other of CAP-XX's public documents similarly describe the use of electrodes in CAP-XX supercapacitor products. (*See* Ex. D (Product Guide) at 14 (describing "failure modes" including from "misalignment of the separator between electrodes.").)

>    **RESPONSE:**   CAP-XX admits Exhibit D states what it states and

denies all contradictory allegations of paragraph 18.

>    20.   The electrodes of CAP-XX's supercapacitors include current collectors. Among other functions, the current collectors collect energy generated by the electrodes and conduct that energy to the device terminals, which transfer energy to applications external to the supercapacitor.

>    **RESPONSE:**   CAP-XX denies that its supercapacitor products include

current collectors or electrodes that infringe any claims in the Asserted Patents,

denies that it uses a method of making an active electrode material that infringes

any claims of the Asserted Patents, and admits the remaining allegations of

paragraph 20.

>    21.   Patents assigned to CAP-XX inform that CAP-XX's supercapacitor products have current collectors. For example, U.S. Patent Application 2014/0098466, assigned to CAP-XX, describes: "These supercapacitors developed by the Applicant … include two opposed electrodes maintained in a predetermined spaced apart electrically isolated configuration by an intermediate electronically insulating separator. ***The electrodes consist of metal current collectors*** and a coating material typically formed from particulate carbon and a binder used for adhering the carbon to itself and to the associate current collector." (Ex. E at [0021] (emphasis added).)

>    **RESPONSE:**   CAP-XX admits Exhibit E states what it states and denies

all contradictory allegations of paragraph 21.

22. Publicly available research on current collectors also confirms that CAP-XX's supercapacitor products use current collectors. (*See* Ex. F ("Recent Advances and Challenges of Current Collectors for Supercapacitors") at 2 (describing that most companies, including CAP-XX, "produce supercapacitors based on carbon electrodes with organic electrolytes and aluminum current collectors").)

**RESPONSE:** CAP-XX admits Exhibit F states what it states and denies all contradictory allegations of paragraph 22.

23. Electrodes in CAP-XX's supercapacitor products contain a film of active electrode material, wherein the active electrode material comprises a total amount of activated carbon having between about 70% and 98% microporous activated carbon particles by weight and between about 2% and 30% mesoporous activated carbon particles by weight.

**RESPONSE:** CAP-XX denies the allegations of paragraph 23. CAP-XX informed Tesla that the active electrode material in its products does not meet the alleged porosity ranges in the Asserted Patents. CAP-XX provided documents to Tesla showing conclusively that CAP-XX's Accused Products do not infringe the Asserted Patents.

24. Testing of CAP-XX's DMF3, GS206F, HS230F products demonstrate that CAPXX's supercapacitor products use an active electrode material made with a combination of microporous and mesoporous activated carbon particles within the ranges claimed by the Asserted Patents.

**RESPONSE:** CAP-XX lacks sufficient information to admit or deny the allegations of paragraph 24; therefore, it denies them. After receiving the Complaint, CAP-XX asked Tesla to produce the test results but received no substantive response from Tesla.

25. Other of CAP-XX's products include similar ratios of microporous and mesoporous activated carbon particles that fall within the ranges claimed by the Asserted Patents.

7

**RESPONSE:** CAP-XX denies the allegations of paragraph 25.

26. CAP-XX has been selling, offering for sale, and/or importing products into the United States that infringe the Asserted Patents. On or about December 5, 2022, Tesla provided CAP-XX actual notice of its infringement of the Asserted Patents, explained that the claims of the Asserted Patents cover at least the supercapacitor products detailed in Appendix A accompanying Tesla's December 5 letter, and offered to license the Asserted Patents to CAP-XX. CAP-XX refused to take a license to the Asserted Patents and willfully continued with its infringing activities.

**RESPONSE:** CAP-XX denies the allegations of paragraph 26.

27. At all relevant times since December 5, 2022, CAP-XX had actual knowledge of the Asserted Patents; it had knowledge that it uses, sells, offers for sale, and/or imports products that infringe the Asserted Patents; and it encouraged others to infringe those patents through its activities.

**RESPONSE:** CAP-XX denies the allegations of paragraph 27.

28. CAP-XX's actions, alone and in conjunction with others, constitute a willful infringement of the Asserted Patents and exceptional circumstances pursuant to 35 U.S.C. §§ 284 and 285.

**RESPONSE:** CAP-XX denies the allegations of paragraph 25.

### COUNT I Infringement of the '580 Patent

29. Plaintiff restates and realleges the preceding paragraphs of this Complaint.

**RESPONSE:** CAP-XX incorporates by reference its answers to paragraphs 1-28 as if set forth verbatim herein.

30. In violation of 35 U.S.C. § 271, CAP-XX has infringed and/or induced others to infringe of one or more claims of the '580 patent, including but not limited to claim 1, literally and/or under the doctrine of equivalents, by among other things, making, using, offering for sale, selling, and/or importing into the United States unlicensed products in a manner that infringes the '580 patent. These products include the

8

DMF3, GS206F, and HS230F supercapacitor products, as well as all of CAP-XX's prismatic supercapacitors, cylindrical supercapacitors, large supercapacitors, coin cell supercapacitors, lithium-ion/hybrid supercapacitors, and module product supercapacitors, as identified to CAP-XX in Tesla's December 5, 2022, letter.

**RESPONSE:** CAP-XX denies the allegations of paragraph 30.

31. CAP-XX's supercapacitors infringe at least exemplary claim 1 of the '580 patent.

**RESPONSE:** CAP-XX denies the allegations of paragraph 31.

32. CAP-XX's supercapacitor products are energy storage devices that contain electrodes.

**RESPONSE:** CAP-XX denies that its supercapacitor products contain electrodes that infringe any claims in the Asserted Patents, denies that it uses a method of making any electrode material that infringes any claims of the Asserted Patents, and admits the remaining the allegations of paragraph 32.

33. The electrodes of CAP-XX's supercapacitor products comprise, in part, a current collector.

**RESPONSE:** CAP-XX denies that its supercapacitor products include current collectors or electrodes that infringe any claims in the Asserted Patents, denies that it uses a method of making any electrode material that infringes any claims of the Asserted Patents, and admits the remaining allegations of paragraph 33.

34. The electrodes of CAP-XX's supercapacitor products comprise a film of active electrode material attached to the current collector.

**RESPONSE:** CAP-XX denies that its supercapacitor products include a film of active electrode material attached to the current collectors or electrodes that

9

infringe any claims in the Asserted Patents, denies that it uses a method of making an active electrode material that infringes any claims of the Asserted Patents, and admits the remaining allegations of paragraph 34.

> 35. The active electrode material comprises a total amount of activated carbon having between about 70 and 98 percent microporous activated carbon particles of the total amount of activated carbon by weight and between about 2 and 30 percent mesoporous activated carbon particles of the total amount of activated carbon by weight.
>
> **RESPONSE:** CAP-XX denies the allegations of paragraph 35.
>
> 36. In view of the foregoing, CAP-XX has infringed and continues to infringe the '580 patent in violation of 35 U.S.C. § 271.
>
> **RESPONSE:** CAP-XX denies the allegations of paragraph 36.
>
> 37. CAP-XX has had knowledge of the '580 patent and that its activities infringe the '580 patent long before the filing of this action. For example, CAP-XX has had knowledge of the '580 patent and its infringement thereof due to its research into Maxwell's technology and patent filings. CAP-XX received further notice of its infringement when Tesla sent CAP-XX a letter on December 5, 2022.
>
> **RESPONSE:** CAP-XX denies the allegations of paragraph 37.
>
> 38. CAP-XX takes active steps to knowingly induce infringement of the '580 patent by directing, encouraging, promoting, and instructing others to make, use, offer for sale, sell, and/or import the infringing products in the United States.
>
> **RESPONSE:** CAP-XX denies the allegations of paragraph 38.
>
> 39. Plaintiff is entitled to the relief provided by 35 U.S.C. § 284, including, *inter alia*, damages adequate to compensate Plaintiff for the infringement, but not less than a reasonable royalty and/or lost profits for the use made of the invention of the '580 patent by CAP-XX, together with interest and costs.
>
> **RESPONSE:** CAP-XX denies the allegations of paragraph 39.

40. Despite having actual notice of the '580 patent, CAP-XX continued to actively infringe the '580 patent in disregard of Plaintiff's rights, making this case exceptional and entitling Plaintiff to reasonable attorney's fees pursuant to 35 U.S.C. § 285.

**RESPONSE:** CAP-XX denies the allegations of paragraph 40.

### COUNT II Infringement of the '601 Patent

41. Plaintiff restates and realleges the preceding paragraphs of this Complaint.

**RESPONSE:** CAP-XX incorporates by reference its answers to

paragraphs 1-40 as if set forth verbatim herein.

42. In violation of 35 U.S.C. § 271, CAP-XX has infringed and/or induced others to infringe of one or more claims of the '601 patent, including but not limited to claim 1, literally and/or under the doctrine of equivalents, by among other things, making, using, offering for sale, selling, and/or importing into the United States unlicensed products made by the claimed method in a manner that infringes the '601 patent. These products include the DMF3, GS206F, and HS230F supercapacitor products, as well as all of CAP-XX's prismatic supercapacitors, cylindrical supercapacitors, large supercapacitors, coin cell supercapacitors, lithium-ion/hybrid supercapacitors, and module product supercapacitors, as identified to CAP-XX in Tesla's December 5, 2022, letter.

**RESPONSE:** CAP-XX denies the allegations of paragraph 42.

43. CAP-XX's supercapacitors have electrodes that are made by a method that infringes at least exemplary claim 1 of the '601 patent.

**RESPONSE:** CAP-XX denies the allegations of paragraph 43.

44. CAP-XX makes the active electrode material used in its supercapacitor products by mixing activated carbon and a binder to form an active electrode material mixture.

**RESPONSE:** CAP-XX denies the allegations of paragraph 44.

45. The active electrode material comprises a total amount of activated carbon having between about 70 and 98 percent microporous

activated carbon particles of the total amount of activated carbon by weight and between about 2 and 30 percent mesoporous activated carbon particles of the total amount of activated carbon by weight.

**RESPONSE:** CAP-XX denies the allegations of paragraph 45.

46. In view of the foregoing, CAP-XX has infringed and continues to infringe the '601 patent in violation of 35 U.S.C. § 271.

**RESPONSE:** CAP-XX denies the allegations of paragraph 46.

47. CAP-XX has had knowledge of the '601 patent and that its activities infringe the '601 patent long before the filing of this action. For example, CAP-XX has had knowledge of the '601 patent and its infringement thereof due to research into Maxwell's technology and patent filings. CAP-XX received further notice of its infringement when Tesla sent CAP-XX a letter on December 5, 2022.

**RESPONSE:** CAP-XX denies the allegations of paragraph 47.

48. CAP-XX takes active steps to knowingly induce infringement of the '601 patent by directing, encouraging, promoting, and instructing others to make, use, offer for sale, sell, and/or import the products made by the infringing method in the United States.

**RESPONSE:** CAP-XX denies the allegations of paragraph 48.

49. Plaintiff is entitled to the relief provided by 35 U.S.C. § 284, including, *inter alia*, damages adequate to compensate Plaintiff for the infringement, but not less than a reasonable royalty and/or lost profits for the use made of the invention of the '601 patent by CAP-XX, together with interest and costs.

**RESPONSE:** CAP-XX denies the allegations of paragraph 49.

50. Despite having actual notice of the '601 patent, CAP-XX continued to actively infringe the '601 patent in disregard of Plaintiff's rights, making this case exceptional and entitling Plaintiff to reasonable attorney's fees pursuant to 35 U.S.C. § 285.

**RESPONSE:** CAP-XX denies the allegations of paragraph 50.

### RESPONSE TO PRAYER FOR RELIEF

To the extent any response is required, CAP-XX- denies Tesla is entitled to any relief, including that requested in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in its responses to Paragraphs 1 through 50 of the Complaint, and without undertaking any burdens imposed by law on Tesla, CAP-XX asserts the following affirmative defenses to the Complaint. CAP-XX reserves the right to allege additional defenses as they become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE
## NON-INFRINGEMENT

CAP-XX does not infringe either literally or under the doctrine of equivalents, directly or indirectly either by inducement or contributorily, any valid, enforceable claim of the Asserted Patents.

## SECOND AFFIRMATIVE DEFENSE
## INVALIDITY

One or more claims of the Asserted Patents are invalid for failure to comply with one or more of the conditions set forth in the Patent Act, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112 and any other judicially created requirements for patentability and enforceability of patents and the defenses recognized in 35 U.S.C. § 282.

## THIRD AFFIRMATIVE DEFENSE
## FAILURE TO STATE A CLAIM

The Complaint fails to state a claim upon which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE
### FAILURE TO STATE AN EXCEPTIONAL CASE

The Complaint fails to state a claim for an exceptional case under 35 U.S.C. § 285.

## FIFTH AFFIRMATIVE DEFENSE
### NOTICE, DAMAGES AND COST

Tesla's claims for damages are statutorily limited under 35 U.S.C. § 286 and 287. Tesla is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

## SIXTH AFFIRMATIVE DEFENSE
### NO RIGHT TO INJUNCTIVE RELIEF

Tesla is not entitled to injunctive relief, *inter alia*, because any injury to Tesla is not immediate or irreparable, and Tesla has an adequate money remedy for any claim that it can prove.

## SEVENTH AFFIRMATIVE DEFENSE
### NO PRE-SUIT DAMAGES, FAILURE TO MARK

Tesla's claims for pre-suit damages are limited by its noncompliance with marking and actual notice requirements under 35 U.S.C. § 287(a).

## EIGHTH AFFIRMATIVE DEFENSE
### UNCLEAN HANDS

Tesla's Amended Complaint is barred in whole or in part by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE
### ADDITIONAL DEFENSES

CAP-XX reserves the right to present any additional defenses or counterclaims that discovery may reveal.

## COUNTERCLAIMS

CAP-XX, by counsel, for its Counterclaims against Tesla alleges:

### PARTIES

1)    CAP-XX is an Australian corporation having its principal place of business at 13A Stanton Road, Seven Hills, NSW 2147, Australia.

2)    Tesla is a multinational automotive and clean energy company, having a principal address at 13101 Tesla Road, Austin, Texas 78725

### JURISDICTION AND VENUE

3)    CAP-XX seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4)    The Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202, and 35 U.S.C. § 100, *et seq.*

5)    Venue is proper under 28 U.S.C. § 1391, and by Tesla's choice of forum.

6)    Tesla has filed in this Court an action to enforce United States Patent Nos. 8,279,580 (the "'580 patent") and 8,591,601 (the "'601 patent") (collectively, the "Asserted Patents") against CAP-XX.

7)    Based on Tesla's allegations, Tesla owns the Asserted Patents.

8)    CAP-XX denies it has, continues to, or will infringe, induce infringement of, or contribute to the infringement of, any valid and enforceable claim of the Asserted Patent.

9) The Asserted Patents are invalid for failure to satisfy one or more of the provisions of the Patent Act, including 35 U.S.C. §§ 101, 102, 103, 112, and the defenses recognized in 35 U.S.C. § 282(b).

10) A conflict of asserted rights has arisen between the CAP-XX and Tesla with respect to the noninfringement and invalidity of the claims of the Asserted Patent. An actual controversy exists between Tesla and CAP-XX.

11) On August 22, 2023, CAP-XX notified Tesla that its accused products do not infringe any claim of the Asserted Patents and provided documentary proof of the same.

## FIRST COUNTERCLAIM
## DECLARATION OF NONINFRINGEMENT OF THE '580 PATENT

12) CAP-XX realleges Paragraphs 1-11 as if set forth fully herein.

13) CAP-XX does not infringe and has not infringed, either directly or indirectly, any valid and enforceable claim of the '580 Patent, either literally or under the doctrine of equivalents.

14) CAP-XX is entitled to a declaratory judgment that the sale, offer for sale, manufacture, importation, or use of its products does not infringe, and has not infringed, any valid and enforceable claim of the '580 Patent.

## SECOND COUNTERCLAIM
## DECLARATION OF INVALIDITY OF THE '580 PATENT

15) CAP-XX realleges Paragraphs 1-14 as if set forth fully herein.

16) One or more claims of the '580 Patent are invalid for failure to satisfy one or more of the provisions set forth in 35 U.S.C. §§ 101 et seq., including, without

limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, 112 and/or in view of the defenses recognized in 35 U.S.C. § 282(b), and/or one or more of the judicially created requirements for patentability.

17)   CAP-XX is entitled to a judicial declaration that one or more claims of the '580 Patent are invalid.

### THIRD COUNTERCLAIM
### DECLARATION OF NONINFRINGEMENT OF THE '601 PATENT

18)   CAP-XX realleges Paragraphs 1-17 as if set forth fully herein.

19)   CAP-XX does not infringe and has not infringed, either directly or indirectly, any valid and enforceable claim of the '601 Patent, either literally or under the doctrine of equivalents.

20)   CAP-XX is entitled to a declaratory judgment that the sale, offer for sale, manufacture, importation, or use of its products does not infringe, and has not infringed, any valid and enforceable claim of the '601 Patent.

### FOURTH COUNTERCLAIM
### DECLARATION OF PATENT INVALIDITY OF THE '601 PATENT

21)   CAP-XX realleges Paragraphs 1-20 as if set forth fully herein.

22)   One or more claims of the '601 Patent are invalid for failure to satisfy one or more of the provisions set forth in 35 U.S.C. §§ 101 et seq., including, without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, 112 and/or in view of the defenses recognized in 35 U.S.C. § 282(b), and/or one or more of the judicially created requirements for patentability.

23) CAP-XX is entitled to a judicial declaration that one or more claims of the '601 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, CAP-XX requests the following relief:

A. That the Court order the Complaint dismissed with prejudice and judgment be entered in favor of CAP-XX;

B. That a judgment be entered declaring that the manufacture, import, use, sale, and/or offer to sell CAP-XX's products has not infringed, does not and will not infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily) any valid, enforceable claim of the Asserted Patents.

C. That judgment be entered declaring the claims of the Asserted Patents invalid;

D. That a judgment be entered declaring that this action is an exceptional case within the meaning of 35 U.S.C. § 285, and that CAP-XX is entitled to recover its reasonable attorneys' fees;

E. That CAP-XX be awarded costs, attorneys' fees, and other relief, both legal and equitable, to which it may be justly entitled; and

F. That CAP-XX be awarded such other and further relief as is just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, CAP-XX demands a trial by jury on all issues so triable.

Dated: September 26, 2023         Respectfully submitted,

FISHERBROYLES, LLP

*/s/ Ryan Beard*
Ryan Beard (TX Bar # 24012264)
501 Congress Avenue, Suite 150
Austin, TX 78702
Ryan.beard@fisherbroyles.com
Tel.: 512.577.2673

Alastair J. Warr (Ind. Bar #15873-49)
203 North LaSalle Street, Suite 2100
Chicago, IL 60601
Alastair.warr@fisherbroyles.com
Tel.: 317.407.5260

Attorneys for CAP-XX, Ltd.

## CERTIFICATE OF SERVICE

      I hereby certify that on the above date I served the foregoing documents on the following counsel by filing the same with the Court's ECF/CM system.

Ruffin B. Cordell
cordell@fr.com
Daniel R. Gopenko
gopenko@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW, Suite 1000
Washington, DC 20024
Telephone: (202) 783-5070

Aamir A. Kazi (*pro hac vice* to be filed)
kazi@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005

Matthew Colvin
colvin@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070

Melissa Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:(903) 934-8450
Facsimile: (903) 934-9257